

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

November 3, 1947

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-422.

Re: The liability of Mexican
Insurance Companies to
pay a gross premiums tax
on policies issued in
Texas.

Dear Sir:

Your letter of October 1, 1947, reads as follows:

"Please advise me whether insurance companies domiciled in the Republic of Mexico, doing business in the State of Texas under the authority of Senate Bill 357, Acts 48th Legislature, Vernon's Article 5012a, are liable for the tax imposed by Article 7064, Revised Civil Statutes as amended.

"If your answer is in the affirmative, I assume that each company shall pay the tax upon its gross premium income from policies issued in Texas less the deductions permitted by Article 7064. Please confirm or correct me as to this."

Article 5012a, V. C. S., makes comprehensive provisions for Mexican Insurance Companies to write insurance policies in Texas covering persons and their property but only while such persons or property are physically within the boundaries of the Republic of Mexico. It authorizes such companies to write policies of insurance affording "any and all kinds of automobile coverage, accident insurance and/or other casualty coverage". See Section 1 of Article 5012a. This article also contemplates the payment of taxes by such insurance companies; provides that the deposit which is required of

such companies shall be liable for taxes due the State of Texas; and provides in Section 1 (e) as follows:

"Such carrier shall pay the State of Texas annually a premium or occupation tax upon its gross premium income from policies issued in Texas according to the reports made to the Board each year, and shall pay such other fees, charges and taxes upon the same basis as like insurers licensed to do the same kinds of business in the State of Texas are required by law to pay; and shall make the same reports as such other licensed carriers, but in such adapted forms as may be prescribed by such Board for such purposes."

We construe Section 1 (e) to require the payment by such companies of a premium or occupation tax upon its gross premium income from policies issued in Texas, upon the same basis as like insurers licensed to do the same kinds of business in the State of Texas are required by law to pay. The "same kinds of business" means, to our minds, "automobile coverage, accident insurance and/or other casualty coverage". Those classes of business are taxed under Article 7064, V. C. S., and Article 4769a, V. C. S. The "basis" upon which "like insurers" pay a tax is 3.5 per cent of the gross premiums which, however, is subject to certain reductions depending upon the investment of assets in Texas securities. It would appear that Article 7064, V. C. S., would apply to all of the lines of insurance authorized by Article 5012a, except personal accident insurance, which by the terms of the last paragraph of Article 7064 is excluded from that article and will be found to be taxed under Article 4769a.

It has been contended that Article 7064 does not apply to the Mexican Companies regulated by Article 5012a, since Article 7064 provides for the payment of a tax upon "the gross amount of premiums received upon property located in this State or on risks located in this State;" However, such a construction would have the effect of nullifying the provisions of Section (e) of Article 5012a wherein it requires the payment of a tax upon "gross premium income from policies issued in Texas" and assumes

that the "basis" of the tax necessarily includes the limitations of Article 7064 that the tax be paid only on premiums collected on policies issued on property and risks located in this State. By enacting Article 5012a, the Legislature obviously intended to levy a tax, and in order to give its provisions meaning and to carry out the legislative intent, we attribute to the word "basis" the meaning of "rate" together with the formula for reductions in that rate depending upon the insured's investment in Texas securities. The construction contended for to the contrary, would have the effect of exempting such companies from taxation contrary to the clear intention of the Legislature when these acts are construed together.

A similar contention might be made that premiums from personal accident insurance written in Texas upon persons residing or domiciled in other states are not contemplated by Article 5012a since Article 4769a levies a tax only upon premiums collected "from persons residing or domiciled in this State." But here, again, in giving effect to the obvious intent of Article 5012a, it is our opinion that Article 5012a prescribes that premiums on policies written in Texas shall be taxed, and that Article 4769a determines the rate and formula for reduction of that rate when the prescribed portion of the assets of the insurer are invested in Texas securities.

## SUMMARY

Mexican Insurance Companies operating under Article 5012a, V. C. S., and writing policies in Texas affording automobile coverage, accident insurance and/or casualty coverage, to be in force only while such persons or property are physically within the Republic of Mexico, are required to pay a tax upon the gross premiums from all such policies at the rate prescribed by Article 7064, V.C.S., except as to personal accident insurance, which rate is prescribed by Article 4769a, V. C. S.

Very truly yours

APPROVED:

ATTORNEY GENERAL OF TEXAS

By

FIRST ASSISTANT
ATTORNEY GENERAL
NMc:jcp:jmc

Ned McDaniel
Assistant